AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 2:21-mj-508
A certain cellular phone seized )
during the arrest of Alexis Wellington )
on July 26, 2021 )

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __Southern__ District of __Ohio__
*(identify the person or describe the property to be searched and give its location):*

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment E

**YOU ARE COMMANDED** to execute this warrant on or before __August 16, 2021__ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Any USMJ SDOH - Clerk's Office__
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of ____.

Date and time issued: __8/2/2021 at 11:41 A.M__

*Judge's signature*

City and state: __Columbus, OH__ __Elizabeth A. Preston Deavers, U.S. Magistrate Judge__
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

### Certification

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

The property to be searched is a "Rose Gold" iPhone cell phone seized during the arrest of Alexis Wellington on July 26, 2021.

Hereinafter this cellular telephone will be referred to as the "Device." The Device is currently located at 401 N. Front Street, Suite 375, Columbus, Ohio.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment E.

## ATTACHMENT E

1. All records on the Device described in Attachment A that are evidence of violations of 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. § 1349 (conspiracy to commit bank fraud); any section of 18 U.S.C. § 1956 (money laundering) and/or 18 U.S.C. § 1957 (money laundering), for the period October 1, 2018 to the present, including:

   a. Records identifying the establishment, ownership, operation and/or control of any limited liability corporation or other business entity including articles of organization; correspondence with and/or submissions to/from any Secretary of State office; applications, disposition records and/or correspondence related to the issuance or use of Employer Identification Numbers (EIN); minutes and other official business records; and documents identifying any registered agent(s), incorporator(s), and/or other identified members;

   b. All records related to or referencing electronic transfers of funds or cash deposits including requests for an electronic transfer or cash deposit, wiring or deposit instructions, receipts, and correspondence;

   c. All records related or referring to persons or entities in other countries and the locations of such persons or entities;

   d. Asset ownership and/or acquisition records including contracts, invoices, receipts, registrations, titles insurance records and/or photographs of assets including motor vehicles, real property, boats, jewelry, precious metals and gems, and currency (foreign, domestic, or virtual currency);

   e. Travel records including travel directions, hotel reservations, rental car reservations, airplane reservations, invoices, airline tickets, and itineraries;

   f. Records related to banking activity including communications and data related to the opening, closing, use, custody and/or control of bank accounts, alternative currency accounts (i.e. those related to Bitcoins), credit cards, and/or debit cards including applications for accounts; approval or declination notices; credit and/or debit card issuance notices; credit and/or debit card activations; bank statements; welcome or account opening/closing notifications; deposit, payment, withdrawal, or transfer orders, receipts and/or notifications; balance inquiries and/or notices; and security notifications;

   g. All financial statements, accounting records and supporting source documents relating to receipts, expenditures, general ledgers, accounts and notes receivable, accounts and notes payable, balance sheets, income statements, statements of profit and loss, and any other accounting records and other records and/or ledgers relating to Lexis Solutions Group, Ingwet Canal, Brandtown Logistics, Lamzol Trucking &

        Logistics, EKA Consulting or any variation of these entity names or any other entities identified through items seized pursuant to section a. above;

    h. Records pertaining to any financial institution account including but not limited to account numbers, passwords, personal identification numbers (PINS), deposit/withdrawal records, notes, logs, and photographs;

    i. Electronic records of internet sites visited and data accessed and/or communications made in the course of visiting such internet sites;

    j. Communications records and histories made through and/or from applications (known as "Apps"); emails; texts; calls or other media contained on the electronic devices to be searched and all attachments included in such communications; and

    k. Contact lists and any documents reflecting names, addresses, email addresses, telephone numbers, fax numbers and/or other contact information.

2. Evidence of user attribution showing who used or owned the cell phone at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.